USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HILAJAH S. STOVER,

                      Plaintiff,

         -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                     Defendant.
------------------------------------------------------------------X

11 Civ. 172 (RMB) (RLE)

**DECISION & ORDER**

## I. Background

On March 16, 2012, United States Magistrate Judge Ronald L. Ellis, to whom this matter had been referred, issued a Report and Recommendation ("Report") recommending that the Court grant the Commissioner of Social Security's ("Defendant" or "Commissioner") motion for judgment on the pleadings, filed on September 20, 2011, and dismiss the pro se complaint of Hilajah S. Stover ("Plaintiff"), filed on January 3, 2011. (Report at 1.) Plaintiff's Complaint sought review, pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act ("Social Security Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), of a September 25, 2009 decision of Administrative Law Judge Mark H. Shapiro ("ALJ") denying Plaintiff's application, dated February 16, 2006, for Supplemental Security Income ("SSI"). (See Compl. ¶ 7–8.) The ALJ concluded that Plaintiff's seizure disorder did not render him "disabled" within the meaning of the Social Security Act either as an adult or as a minor. (Administrative Record, filed May 5, 2011 ("A.R."), at 24, 27–28.) On November 30, 2010, the Social Security Administration Appeals Council ("Appeals Council") affirmed the ALJ's decision. (A.R. at 1–2 (Notice of Appeals Council Action, dated Nov. 30, 2011 ("[W]e considered the reasons you disagree with

the decision . . . [and][w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision.")).)

In the Report, Judge Ellis concluded that the ALJ properly determined that Plaintiff was not disabled as an adult, stating that the ALJ "reached his decision by observing [Plaintiff] at the hearing and by analyzing the evidence, including medical records and expert testimony from three doctors (a psychiatrist, a neurologist, and a pediatrician)." (Report at 12.) Judge Ellis did not assess Plaintiff's childhood disorder.[1]

On or about March 27, 2012, Plaintiff filed objections ("Objections"). (Pl.'s Objections to Report and Recommendation, dated Mar. 27, 2012 ("Pl.'s Obj.").) On May 21, 2012, Defendant filed a response to Plaintiff's Objections. (Def.'s Response to Pl.'s Objections to Report and Recommendation, dated May 21, 2012 ("Def. Resp.").)

**For the reasons set forth below, the Report is affirmed. The Court also finds that the ALJ's determination of Plaintiff's non-disability as a child is supported by substantial evidence in the record.**

## II.     Standard of Review

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). The Court makes "a de novo determination of those portions of the report to

---

[1] The Report stated that the question whether Plaintiff was properly adjudicated by the ALJ as non-disabled as a juvenile "is not before this Court on appeal," perhaps because Plaintiff's Complaint listed the date of initial disability as September 5, 2008, which was the date on which Plaintiff turned 18. (See Compl. ¶ 5). Plaintiff's initial application for SSI was filed on February 16, 2006. (A.R. 145) The parties' memoranda of law here address Plaintiff's claimed disability both as an adult and as a child. (See, e.g., Def.'s Mem. of Law in Supp. of Def.'s Motion, dated Sept. 19, 2011 ("Def. Mem."); Pl.'s Affirm. in Opp'n to Mot., dated Dec. 15, 2011 ("Pl. Opp'n").)

2

which objections have been made" and may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. Grassia, 892 F.2d at 19. If the "party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Watson v. Astrue, No. 08 Civ. 1523, 2010 WL 1645060, at *1 (S.D.N.Y. Apr. 22, 2010).

A district court reviewing denial of Social Security benefits will set aside an ALJ's decision only where it is based upon legal error or is not supported by substantial evidence. Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996).

### III. Analysis

The facts as set forth in the Report are incorporated herein by reference. The Court has conducted a de novo review of, among other things, the record, the Report, Plaintiff's Objections, Defendant's Reply, and applicable legal authorities, and adopts the recommendations of Judge Ellis. See Fed. R. Civ. P. 72(b)(3); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).[2]

**(1)  Adult Disability Claims**

Judge Ellis correctly concluded that the ALJ properly determined that Plaintiff's seizure disorder does not meet the neurological impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 for disability ("Listings"), and that Plaintiff's disorder does not preclude him from working because, among other reasons: (1) Plaintiff's seizures "are well-controlled by his current medication," and "he has not suffered a seizure since 2007"; (2) Plaintiff testified that "there is

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any Objections not specifically addressed in this Order have been considered de novo and rejected.

no reason he would not be able to work if he wanted to"; (3) Dr. Herb Meadow, a consulting psychiatrist, "found no limitations related to [Plaintiff's] condition that would impair his ability to function in a work environment"; and (4) Dr. Justin Willer, a neurological expert, found that "the only limitation on [Plaintiff's] ability to work was that he should not perform work that requires the operation of heavy machinery, driving, or swimming." (Report at 13, 14.); see also 20 C.F.R., Part 404, Subpart P, Appendix 1, §§ 11.02, 11.03.

Plaintiff's Objection based upon his contentions that he had two seizures in 2012 is unpersuasive because Plaintiff's application for SSI covered the time period February 16, 2006, the date the application was filed, through September 25, 2009, the date of the ALJ's decision. (See Pl. Obj. at 1; A.R. at 1–2); Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988). Plaintiff's Objection that Plaintiff is disabled because his "seizures will occur . . . without medication" (Pl. Obj. at 1) is also without merit. See Castillo v. Barnhart, No. 01 Civ. 9632, 2003 WL 21921269 at * 9 (S.D.N.Y. Aug. 11, 2003) ("Where the medical condition can be controlled through adherence to prescribed medical treatment, the mere presence of the condition without treatment compliance does not automatically render the person disabled for purposes of disability benefits.").

And, Plaintiff's Objection that the ALJ failed adequately to develop the record (Pl. Obj. at 13) is unpersuasive because the ALJ considered, among other things, hospital records dating from 1999 through 2009, medical reports from Plaintiff's treating physicians, testimony from Plaintiff and medical experts in neurology and in pediatrics, a psychiatric evaluation by Dr. Herb Meadow, all of which supported the ALJ's finding that Plaintiff's "limitations have little or no effect on the occupational base of unskilled work at all exertional levels." (A.R. at 28, 205–34, 243–50, 251–89, 290–96, 69–96, 297–03); see 20 C.F.R. § 416.917.

**(2)     Childhood Disability Claims**

Plaintiff contends that the ALJ's denial of childhood disability benefits is not supported by substantial evidence because, among other things, the ALJ "failed to consider[] the side effects of [Plaintiff's] medication" and its adverse effects on Plaintiff's major daily activities. (Pl.'s Affirm. in Opp'n to Mot., dated Dec. 12, 2011 ("Pl's Opp'n"), at 2.)  Defendant argues that "the ALJ properly addressed the testimony of [P]laintiff and his mother that [P]laintiff's medication caused debilitating daytime drowsiness."  (Def.'s Mem. of Law in Reply to Pl.'s Opp'n, dated Jan. 3, 2012 ("Def.'s Reply"), at 2.)

To determine whether an individual under the age of 18 is disabled, the ALJ must follow a three-step inquiry: (1) determine whether the claimant is engaged in any substantial gainful activity; (2) if not, determine whether the claimant has a "severe impairment"; and (3) if so, determine whether the impairment meets, or medically, or functionally equals a listed impairment found in 20 C.F.R., Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.924(a)–(c).

The ALJ properly analyzed Plaintiff's childhood disability claims.  First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his application was filed. (A.R. at 14.)  Second, the ALJ found that Plaintiff had a severe impairment—a seizure disorder—that "caused more than minimal functional limitations."  (A.R. at 14.)  Third, the ALJ found that Plaintiff's "seizure disorder lacks the frequency, duration, and sequelea of seizures necessary . . . to meet or medically equal" a listed impairment.  (A.R. at 15, 19); see 20 C.F.R., Part 404, Subpart P, Appendix 1 §§ 11.02, 11.03, 111.02, 111.03.  The ALJ also found that Plaintiff's disorder does not "functionally equal" a listed impairment because Plaintiff does not have "either 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain of functioning."  (A.R. 15, 24); see 20 C.F.R. § 416.926a(d).

Plaintiff's argument that his seizure medication, Carbatrol, caused "drowsiness" which impacted his major daily activities is unpersuasive. (See A.R. 54–55, 61–63.) Although one of Plaintiff's treating physicians, Dr. Grinspan, opined that Plaintiff's medication "was a likely cause for [Plaintiff's] sleepiness" (A.R. at 293), another of Plaintiff's treating physicians, Dr. Rebecca Gilbert, noted that Plaintiff's "sleep habits are poor." (A.R. at 211.) Dr. Willer, a medical expert in neurology, and Dr. Goldstein, a medical expert in pediatrics, both opined that "you really don't know which, which one might be causing drowsiness, whether it's very poor sleep hygiene or the medication." (A.R. at 92, 73, 83.); see Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) ("While the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record." (citations omitted)). Moreover, the ALJ determined that the limiting effects of Plaintiff's alleged drowsiness were "not entirely credible" because Plaintiff and his mother were "not willing to change his medications or sleep pattern to reduce his daytime drowsiness." (A.R. at 19); see Kendall v. Apfel, 15 F. Supp. 2d 262, 267 (E.D.N.Y. 1998); see also Rivera v. Schweiker, 717 F.2d 719, 724 (2d Cir. 1983).

## IV. Conclusion

For the reasons stated herein and therein, the Report [#19] is adopted in its entirety. The Court also finds that there is substantial evidence to support the ALJ's determination that Plaintiff was not disabled as a child. The Commissioner's motion for judgment on the pleadings [#16] is granted. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
June 21, 2012

_____
RICHARD M. BERMAN, U.S.D.J.

6